Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SUMMER RIO CORP., a California Corporation; and DOES 1-10, inclusive, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:** <br><br> **1. TRADEMARK INFRINGEMENT;** <br><br> **2. PATENT INFRINGEMENT - U.S. PATENT NO. D594,638;** <br><br> **3. TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;** <br><br> **4. UNFAIR COMPETITION CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE, § 17200, ET. SEQ.;** <br><br> **5. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW** <br><br> **JURY TRIAL DEMANDED** |

**Plaintiff Deckers Outdoor Corporation** for its claims against **Defendant Summer Rio Corp.** respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of California. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2. This Court has personal jurisdiction over Defendant because Defendant is domiciled, incorporated and/or does business within this judicial district.

3. This action arises out of wrongful acts by Defendant within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendant's alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California. Deckers designs and markets footwear identified by its many famous trademarks including its UGG® trademark.

5. Upon information and belief, Defendant Summer Rio, Corp. ("Summer Rio") is a corporation organized and existing under the laws of the state of California with an office and principle place of business located at 17501 East Rowland Street, City of Industry, California 91748.

6. Deckers is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Deckers will seek leave to amend this complaint when their true names and capacities are ascertained. Deckers is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the

1  wrongs alleged herein, and that at all times referenced each was the agent and servant

2  of the other Defendants and was acting within the course and scope of said agency and

3  employment.

4         7.    Deckers is informed and believes, and based thereon alleges, that at all

5  relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or

6  reasonably should have known of the acts and behavior alleged herein and the damages

7  caused thereby, and by their inaction ratified and encouraged such acts and behavior.

8  Deckers further alleges that Defendant and DOES 1 through 10, inclusive, have a non-

9  delegable duty to prevent or not further such acts and the behavior described herein,

10  which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to

11  perform.

12                      **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13      **A.**    **Deckers' UGG® Brand**

14         8.    Deckers has been engaged in the design, distribution, marketing, offering

15  for sale, and sale of footwear since 1975.  Deckers owns several brands of footwear

16  including UGG®, Koolaburra®, Teva®, Sanuk®, Ahnu®, and Hoka One One®.

17         9.    Deckers' UGG® brand remains one of the most recognized and relevant

18  comfort shoe brands in the industry.  Since 1978, when the UGG® brand was founded,

19  the popularity of UGG® boots has steadily grown across the nation and even the

20  globe. The UGG® brand has always been and remains highly coveted by consumers.

21  This commitment to quality has helped to propel the UGG® brand to its current,

22  overwhelming level of popularity and cemented its status as a luxury brand.

23        10.    It has now been fifteen years since UGG® boots were first featured on

24  Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on

25  national television how much she "LOOOOOVES her UGG boots." The popularity of

26  UGG® brand footwear has grown exponentially since then with celebrities including

27  Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning

28  them.  UGG® sheepskin boots have become a high fashion luxury item and can be

found on fashion runways around the world.

11.   Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point of sale and on the Internet, including through its UGG® Concept Stores and its website www.uggaustralia.com.

**B.    Defendant's Infringing Activities**

12.   Upon information and belief, Summer Rio manufactures, designs, advertises, markets, distributes, offers for sale, and/or sells footwear for men, women and children.  Summer Rio offers infringing footwear through its online retail store at www.summerrio.com ("Summer Rio Website").

13.   The present lawsuit arises from Defendant's willful infringement of Deckers' UGG® Sun Mark and boot designs, to which Deckers owns trademark, design patent and/or trade dress rights, by certain of Defendant's footwear products ("Infringing Products") , an example of which is shown below.



*Outsole Design on Defendants' Infringing Products*

14.   Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' UGG® Sun Mark and outsole design in an effort to exploit Deckers' reputation in the market.

15.   Upon information and belief, Summer Rio may have sold additional products that infringe upon Deckers' intellectual property.  Deckers may seek leave to

amend as additional information becomes available through discovery.

16.     Deckers has not granted a license or any other form of permission to Summer Rio with respect to any of its trademarks, design patents, trade dress, or other intellectual property.

17.     Deckers is informed and believes and herein alleges that Defendant has acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's Infringing Products with Deckers, or as to the origin, sponsorship, or approval of Defendant's Infringing Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement - 15 U.S.C. § 1114)

18.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

19.     Deckers owns several trademark registrations in the United States and has many applications pending in connection with various goods and services that it sells and/or provides in connection with its famous UGG® Brand.  Deckers' United States trademark registrations for the UGG® Sun Mark (shown below) include but are not limited to U.S. Reg. Nos. 3,624,595 for footwear; 3,636,029 for leather bags; and 3,825,543 for coats, jackets, vests, ponchos, gloves, mittens, headwear, wraps, scarves, and sweaters.



20.     Registrations for the UGG® Sun Mark are valid and subsisting. At all times relevant hereto, the UGG® Sun Mark has been continually used by Deckers in most of the world and in the United States, on or in connection with the manufacture, distribution, sale and promotion of its products.

21.     Deckers' UGG® Sun Mark is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Deckers.

22.     The UGG® Sun Mark is distinctive when applied to high-quality footwear and related merchandise, signifying to the purchaser that the products come from Deckers and are manufactured to Deckers' quality standards.

23.     The Infringing Products include on the outsole of the products a mark that is nearly identical to and/or substantially indistinguishable from the UGG Sun Mark.







| **UGG® Sun Mark** | **UGG® Sun Mark on Outsole of Authentic UGG® Footwear** | **Infringing Sun Mark on Outsole of Defendant's Infringing Product** |

24.     Defendant's unauthorized use of the UGG® Sun Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that its goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Deckers or come from the same source as Deckers' goods and are of the same quality as that assured by Deckers' UGG® trademarks.

25.     Defendant's use of the UGG® Sun Mark is without Deckers' permission or authority and is in total disregard of Deckers' rights to control its trademarks.

26.     Defendant's infringing activities are likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause the public to believe that Deckers has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Deckers.

27.     Upon information and belief, Defendant has knowledge of Deckers' rights

in the UGG® Sun Mark.  Further, upon information and belief, Defendant's acts are deliberate, willful and intended to confuse the public as to the source of Defendant's goods or services and to injure Deckers and reap the benefit of Deckers' goodwill associated with the UGG® Sun Mark.

28.     As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' UGG® Sun Mark.

29.     Deckers has no adequate remedy at law.

30.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from using Deckers' UGG® Sun Mark, or any marks confusingly similar thereto, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Deckers has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action and up to treble damages pursuant to 15 U.S.C. § 1117(a) and (b), or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D594,638)

31.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

32.     Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand, including outsole designs, one of which is U.S. Patent No. D594,638 (issued on June 23, 2009), a true and correct copy of which is attached hereto and incorporated herein as Exhibit A (hereinafter "'638 Patent")

33.     Deckers is the owner by assignment of all right, title and interest in and to the '638 Patent.

34.     Defendant has used, caused to be produced, distributed, advertised,

marketed, offered for sale, sold within the United States, and/or has imported into the United States footwear that is substantially similar to the '638 Patent in direct violation of 35 U.S.C. § 271.  An example of the Infringing Product is shown at the far right of the '638 Patent drawing and genuine UGG® outsole design below:





**U.S. Patent No. D594,638**     **UGG® Footwear Featuring the '638 Outsole Design**     **Outsole Design on Defendant's Infringing Products**

35.   Defendant's aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

36.   As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' '638 Patent.

37.   Defendant's acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

38.   Deckers marks all footwear products embodying the design of the '638 Patent with "Pat. No. 594,638" on a product label in compliance with 35 U.S.C. § 287.

39.   Given the widespread popularity and recognition of Deckers' UGG® boots and the patent notice provided on the products themselves, Deckers avers and

hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the '638 Patent and has intentionally copied said design on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

40.    On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '638 Patent.

41.    In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '638 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF

### (Trademark Infringement under California Common Law)

42.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43.    Deckers owns and enjoys common law trademark rights in California and throughout the United States in the UGG® Sun Mark.

44.    Defendant's infringement of the UGG® Sun Mark constitutes trademark infringement in violation of the common law of the state of California.

45.    Defendant's unauthorized use of the UGG® Sun Mark has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Deckers.

46.    Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

47.    Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

48.     The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar such conduct in the future.

49.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the UGG® Sun Mark, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.)

50.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51.     Defendant's appropriation, adoption and use of the UGG® Sun Mark and '638 Patent in connection with the sale and offering for sale of footwear is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

52.     The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendant willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and business reputation.

53.     Defendant's use of Deckers' UGG® Sun Mark and '638 Patent has deprived Deckers of the right to control the use of its intellectual property.

54.     As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief.

55.     Defendant committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law)

56.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57.     Defendant's infringement of the UGG® Sun Mark and '638 Patent constitutes unfair competition in violation of the common law of the state of California.

58.     Defendant is a competitor of Deckers and has copied Deckers' outsole design in an effort to exploit Deckers' reputation in the market.

59.     Defendant's infringing acts were intended to capitalize on Deckers' goodwill associated therewith for Defendant's own pecuniary gain.  Deckers has expended substantial time, resources and effort to obtain an excellent reputation for its brands of footwear.  As a result of Deckers' efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Deckers.

60.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

61.     Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's

infringing conduct, unless it is enjoined by this Court.

62.     The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar such conduct in the future.

63.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the UGG® Sun Mark and '638 Patent, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant Summer Rio Corp. as follows:

1.     A Judgment that Defendant has infringed Deckers' UGG® Sun Mark  and '638 Patent and that said infringement was willful;

2.     An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

       a.     using the UGG® Sun Mark or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of the UGG® Sun Mark on Defendant's products or in any manner that suggests that Defendant or its products, services, or activities originate from, are affiliated with, are connected to, are associated with, or are sponsored, endorsed, or approved by Deckers;

       b.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Product or any other

products bearing designs that infringe upon the '638 Patent and/or the overall appearance thereof;

c.    engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

d.    committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

3.    Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Infringing Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.    Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.    Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

6.    Awarding Deckers all of Defendant's profits and all damages sustained by Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7.    Awarding treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

8.    Awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(1) of up to $200,000 for each and every use of the UGG® Sun Mark or, if the Court finds that Defendant's infringement is willful, awarding statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of up to $2,000,000 for each and every use of the UGG® Sun Mark;

9.      Awarding applicable interest, costs, disbursements and attorneys' fees;

10.     Awarding Deckers' punitive damages in connection with its claims under California law; and

11.     Such other relief as may be just and proper.


Dated:          August 26, 2015          BLAKELY LAW GROUP


                                         By: _____
                                             Brent H. Blakely
                                             Cindy Chan
                                             Jessica C. Covington
                                             *Attorneys for Plaintiff*
                                             *Deckers Outdoor Corporation*


## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.


Dated:          August 26, 2015          BLAKELY LAW GROUP


                                         By: _____
                                             Brent H. Blakely
                                             Cindy Chan
                                             Jessica C. Covington
                                             *Attorneys for Plaintiff*
                                             *Deckers Outdoor Corporation*

# EXHIBIT A



US00D594638S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D594,638 S**

Butler                                   (45) **Date of Patent:**    ✱✱    **Jun. 23, 2009**

(54) **FOOTWEAR OUTSOLE**

(75) Inventor:   **Damon R. Butler**, Portland, OR (US)

(73) Assignee:   **Deckers Outdoor Corporation**, Goleta, CA (US)

(✱✱) Term:     **14 Years**

(21) Appl. No.:  **29/325,989**

(22) Filed:     **Oct. 9, 2008**

(51) **LOC (9) Cl.** .................................................. **02-04**

(52) **U.S. Cl.** ........................... **D2/952**; D2/953; D2/960

(58) **Field of Classification Search** .................. D2/902, D2/906, 908, 947, 951–960; D5/1, 47, 61; 36/3 B, 22 R, 24.5, 25 R, 28, 32 R, 67 A, 36/59 C, 103

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D61,017 | S | * | 5/1922 | Heilhecker | D2/953 |
| D90,450 | S | * | 8/1933 | Oakley | D2/955 |
| D257,647 | S | * | 12/1980 | Combaret | D2/953 |
| D307,971 | S | * | 5/1990 | Maccano et al. | D2/953 |
| D325,808 | S | * | 5/1992 | Austin | D2/955 |
| D350,430 | S | * | 9/1994 | Pallera | D2/952 |
| D369,895 | S | * | 5/1996 | Finn | D2/959 |
| D396,549 | S | * | 8/1998 | von Conta et al. | D2/955 |
| D398,745 | S | * | 9/1998 | Cass | D2/954 |
| D401,742 | S | | 12/1998 | Loverin | |
| D402,446 | S | * | 12/1998 | Kelchak | D2/952 |
| D405,593 | S | | 2/1999 | Hamel | |
| D412,777 | S | | 8/1999 | Norton et al. | |
| D455,895 | S | * | 4/2002 | Yang | D2/955 |
| D458,011 | S | * | 6/2002 | Yang | D2/954 |
| D460,249 | S | | 7/2002 | Yang | |
| D468,082 | S | * | 1/2003 | Brown | D2/955 |
| D473,696 | S | * | 4/2003 | Mangee | D2/952 |
| D474,587 | S | | 5/2003 | Wilson | |
| 6,564,475 | B2 | * | 5/2003 | Collins et al. | 36/3 R |
| D475,842 | S | * | 6/2003 | Cook | D2/909 |
| D500,400 | S | | 1/2005 | Le | |
| D512,208 | S | * | 12/2005 | Kubo et al. | D2/960 |
| D514,286 | S | * | 2/2006 | Kayano et al. | D2/955 |
| D548,433 | S | * | 8/2007 | McClaskie | D2/952 |
| D555,887 | S | * | 11/2007 | Link | D2/955 |
| D556,984 | S | * | 12/2007 | Brie et al. | D2/952 |
| D556,986 | S | * | 12/2007 | Horne et al. | D2/953 |
| D556,987 | S | * | 12/2007 | Nakano | D2/957 |
| D564,736 | S | * | 3/2008 | Belley et al. | D2/952 |
| D575,946 | S | * | 9/2008 | Mitani et al. | D2/967 |
| D580,141 | S | * | 11/2008 | Banik et al. | D2/954 |

FOREIGN PATENT DOCUMENTS

DE          40402623      11/2004

OTHER PUBLICATIONS

UGG Australia, Winter 2002 Collection, Aspen Outsole, p. 21.
UGG Australia, Fall/Winter 2008, Ultimate Short Outsole, pp. 1 and 2.
UGG Australia, Fall/Winter 2008, Upside Outsole, pp. 1 and 2.
UGG Australia, Fall/Winter 2004, Coquette Outsole, pp. 1 and 2.

* cited by examiner

*Primary Examiner*—Celia A Murphy

(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57)                **CLAIM**

The ornamental design for a footwear outsole, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a footwear outsole showing my new design;

FIG. **2** is a bottom plan view thereof;

FIG. **3** is a top plan view thereof;

FIG. **4** is a first side elevational view thereof;

FIG. **5** is an opposite side elevational view thereof;

FIG. **6** is a front elevational view thereof; and,

FIG. **7** is a rear elevational view thereof.

The broken lines immediately adjacent to the claimed subject matter throughout the views form the boundaries of the design. The broken-line circle in FIGS. **1**, **2** and **6** define the interior boundaries of the design. The broken lines showing the boot upper represent the portions of the design that form no part of the claim. None of the broken lines or the areas within them forms any part of the claim.

**1 Claim, 5 Drawing Sheets**







FIG. 1



FIG. 2

FIG. 3



FIG. 4



FIG. 5



FIG. 7



FIG. 6