Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>         Plaintiff,<br><br>      v.<br><br>SUMMER RIO CORP., a California Corporation; and DOES 1-10, inclusive,<br><br>         Defendant. | CASE NO. 2:15-cv-07026-DDP (MRWx)<br><br>**PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>**HON. MICHAEL R. WILNER** |

I.     INTRODUCTION

1.1     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Deckers Outdoor Corporation ("Plaintiff") and Defendant Summer Rio Corp. ("Defendant") (Plaintiff and Defendant will be collectively referred to as the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer

1  blanket protections on all disclosures or responses to discovery and that the protection

2  it affords from public disclosure and use extends only to the limited information or

3  items that are entitled to confidential treatment under the applicable legal principles.

4  The Parties further acknowledge, as set forth in Section 12.3, below, that this

5  Stipulated Protective Order does not entitle them to file confidential information under

6  seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

7  standards that will be applied when a party seeks permission from the court to file

8  material under seal.

9       1.2    GOOD CAUSE STATEMENT

10          The present lawsuit involves Deckers' allegations against Defendant for

11  infringement of Deckers' UGG® Sun Mark and boot design, to which Deckers owns

12  trademark and design patent rights, by certain of Defendant's footwear products

13  allegedly bearing said mark and design ("Accused Products").

14          The parties anticipate that discovery in this matter will seek confidential and

15  proprietary information for which special protection from public disclosure and from

16  use for any purpose other than prosecution of this action is warranted.  This

17  information, which is related to the development, manufacture, marketing, and sale of

18  Deckers' products bearing the intellectual property at issue and the goodwill associated

19  therewith, as well as the development, manufacture, marketing, and sale of the

20  Accused Products of Defendant, and damages calculations for all claims, includes but

21  is not limited to:

22       •  Revenues generated from the sale of Deckers' products bearing the

23           UGG® Sun Mark and design patent at issue;

24       •  Revenues generated from the sale of the Accused Products;

25       •  Cost of goods associated with the Accused Products;

26       •  Pricing points for the manufacture and sale of the Accused Products;

27       •  Transactional documents associated with the sale of the Accused

28           Products;

- Licensing Agreements;
- Gross Revenues associated with the sale of the Accused Products;
- Profit Margins associated with the sale of the Accused Products;
- General financial information for the Parties;
- Marketing channels related to the goods of both Parties;
- Marketing and advertising expenses;
- Non-public product development information related to the goods of both Parties;
- Non-public research related to business development, Deckers' products, the Accused Products, or the intellectual property at issue;
- Customer lists;
- Trade Secrets;

Both parties are businesses that sell footwear and their financial, marketing and product development information is not intended for public disclosure, nor to competitors. Up to this point, the Parties have routinely worked to protect this sensitive business information from disclosure to the public or competitors, which would result in harm to each of the Parties' competitive standing within the footwear industry.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     <u>DEFINITIONS</u>

    2.1     <u>Action</u>:  this pending federal law suit.

    2.2     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4     <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: such "CONFIDENTIAL" Information or Items as consists of information whose disclosure to competitors or to the public would cause a serious risk of competitive serious harm to the Designating Party.  Such confidential and proprietary materials and information includes but is not limited to, confidential business or financial information, trade secrets, non-public financial information, non-public research and development information, product development information, marketing and advertising plans and expenditures,  information regarding additional confidential business practices, and documents otherwise unavailable to competitors.  It is the intent of the parties that information will not be designated as "HIGHLY CONFIDENTIAL" for tactical reasons and that such designation will be limited.

    2.5     <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.6     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    2.7     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLYCONFIDENTIAL."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only

Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See* Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

1  unnecessary expenses and burdens on other parties) may expose the Designating

2  Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection, that Designating Party must

5  promptly notify all other Parties that it is withdrawing the inapplicable designation.

6       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

7  Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated

8  or ordered, Disclosure or Discovery Material that qualifies for protection under this

9  Order must be clearly so designated before the material is disclosed or produced.

10      Designation in conformity with this Order requires:

11      (a)    for information in documentary form (e.g., paper or electronic documents,

12  but excluding transcripts of depositions or other pretrial or trial proceedings), that the

13  Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY

14  CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

15  contains protected material. If only a portion or portions of the material on a page

16  qualifies for protection, the Producing Party also must clearly identify the protected

17  portion(s) (e.g., by making appropriate markings in the margins).

18      A Party or Non-Party that makes original documents available for inspection

19  need not designate them for protection until after the inspecting Party has indicated

20  which documents it would like copied and produced.  During the inspection and before

21  the designation, all of the material made available for inspection shall be deemed

22  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

23  copied and produced, the Producing Party must determine which documents, or

24  portions thereof, qualify for protection under this Order. Then, before producing the

25  specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to

26  each page that contains Protected Material. If only a portion or portions of the material

27  on a page qualifies for protection, the Producing Party also must clearly identify the

28  protected portion(s) (e.g., by making appropriate markings in the margins).

**PROTECTIVE ORDER**

(b)     for testimony given in depositions that the Designating Party identifies on the record as being the Disclosure or Discovery Material, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.       ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1       <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2       <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)       the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (b)       the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      (c)       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)       the Court and its personnel;

      (e)       court reporters and their staff;

      (f)       professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

1    (h)    during their depositions, witnesses, and attorneys for witnesses, in the

2  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

3  requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

4  not be permitted to keep any confidential information unless they sign the

5  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

6  by the Designating Party or ordered by the court. Pages of transcribed deposition

7  testimony or exhibits to depositions that reveal Protected Material may

8  be separately bound by the court reporter and may not be disclosed to anyone except

9  as permitted under this Stipulated Protective Order; and

10    (i)    any mediator or settlement officer, and their supporting personnel,

11  mutually agreed upon by any of the parties engaged in settlement discussions.

12  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

13  IN OTHER LITIGATION

14    If a Party is served with a subpoena or a court order issued in other litigation that

15  compels disclosure of any information or items designated in this Action as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

17    (a)    promptly notify in writing the Designating Party. Such notification shall

18  include a copy of the subpoena or court order;

19    (b)    promptly notify in writing the party who caused the subpoena or order to

20  issue in the other litigation that some or all of the material covered by the subpoena or

21  order is subject to this Protective Order. Such notification shall include a copy of this

22  Stipulated Protective Order; and

23    (c)    cooperate with respect to all reasonable procedures sought to be pursued

24  by the Designating Party whose Protected Material may be affected.

25    If the Designating Party timely seeks a protective order, the Party served with

26  the subpoena or court order shall not produce any information designated in this action

27  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the

28  court from which the subpoena or order issued, unless the Party has obtained the

1   Designating Party's permission. The Designating Party shall bear the burden and

2   expense of seeking protection in that court of its confidential material and nothing in

3   these provisions should be construed as authorizing or encouraging a Receiving Party

4   in this Action to disobey a lawful directive from another court.

5   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

6   IN THIS LITIGATION

7       (a)     The terms of this Order are applicable to information produced by a Non-

8   Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL." Such information produced by Non-Parties in connection with this

10  litigation is protected by the remedies and relief provided by this Order. Nothing in

11  these provisions should be construed as prohibiting a Non-Party from seeking

12  additional protections.

13      (b)     In the event that a Party is required, by a valid discovery request, to

14  produce a Non-Party's confidential information in its possession, and the Party is

15  subject to an agreement with the Non-Party not to produce the Non-Party's

16  confidential information, then the Party shall:

17          (1)     promptly notify in writing the Requesting Party and the Non-Party

18  that some or all of the information requested is subject to a confidentiality

19  agreement with a Non-Party;

20          (2)     promptly provide the Non-Party with a copy of the Stipulated

21  Protective Order in this Action, the relevant discovery request(s), and a reasonably

22  specific description of the information requested; and

23          (3)     make the information requested available for inspection by the

24  Non-Party, if requested.

25      (c)     If the Non-Party fails to seek a protective order from this court within 14

26  days of receiving the notice and accompanying information, the Receiving Party may

27  produce the Non-Party's confidential information responsive to the discovery request.

28  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

1         12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

2    Protective Order no Party waives any right it otherwise would have to object to

3    disclosing or producing any information or item on any ground not addressed in this

4    Stipulated Protective Order. Similarly, no Party waives any right to object on any

5    ground to use in evidence of any of the material covered by this Protective Order.

6         12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any

7    Protected Material must comply with Civil Local Rule 79-5. Protected Material may

8    only be filed under seal pursuant to a court order authorizing the sealing of the specific

9    Protected Material at issue. If a Party's request to file Protected Material under seal is

10   denied by the court, then the Receiving Party may file the information in the public

11   record unless otherwise instructed by the court.

12   13.   <u>FINAL DISPOSITION</u>

13        After the final disposition of this Action, as defined in paragraph 4, within 60

14   days of a written request by the Designating Party, each Receiving Party must return

15   all Protected Material to the Producing Party or destroy such material. As used in this

16   subdivision, "all Protected Material" includes all copies, abstracts, compilations,

17   summaries, and any other format reproducing or capturing any of the Protected

18   Material. Whether the Protected Material is returned or destroyed, the Receiving Party

19   must submit a written certification to the Producing Party (and, if not the same person

20   or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

21   category, where appropriate) all the Protected Material that was returned or destroyed

22   and (2) affirms that the Receiving Party has not retained any copies, abstracts,

23   compilations, summaries or any other format reproducing or capturing any of the

24   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

25   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

26   legal memoranda, correspondence, deposition and trial exhibits, expert reports,

27   attorney work product, and consultant and expert work product, even if such materials

28   contain Protected Material. Any such archival copies that contain or constitute

1  Protected Material remain subject to this Protective Order as set forth in Section 4

2  (DURATION).

3      14.    Any willful violation of this Order may be punished by civil or criminal

4  contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

5  authorities, or other appropriate action at the discretion of the Court.

6

7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9  DATED:    July 22, 2016          BLAKELY LAW GROUP

10

11                                          By:    /s/ Jessica C. Covington
12                                                 Brent H. Blakely
                                                   Cindy Chan
13                                                 Jessica C. Covington
                                                   *Attorneys for Plaintiff*
14                                                 *Deckers Outdoor Corporation*

15  DATED:    July 22, 2016          LAW OFFICES OF SAM X. J. WU, APC

16

17                                          By:    /s/ Alexei Brenot
18                                                 Sam X. J. Wu
                                                   William G. Barrett
19                                                 Alexei Brenot
                                                   *Attorneys for Defendant*
20                                                 *Summer Rio, Corp.*

21

22  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

23

24

25

26  Date: _July 22_, 2016                    __/S/ Michael R. Wilner_____
27                                            HON. MICHAEL R. WILNER
                                              **United States Magistrate Judge**
28

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Deckers Outdoor Corporation v Summer Rio Corp.*, No. 2:15-cv-07026-DDP (MRWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:          _____, 2016

City and State where sworn and signed:          _____

Signed:      _____          _____
                         [Print Name]                              [Signature]